### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

ARSALAN FAGHRI,                           :
FERESHTEH AMIM ,                          :
and ROUDABEH FAGHRI,                      :
                                          :
        Plaintiffs,          :
        v.                    :          Civil Action No. 06-777-***
                                          :
SECRETARY MICHAEL CHERTOFF, et al.,       :
                                          :
        Defendants.

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTORY STATEMENT

Plaintiffs submit this memorandum in opposition to Defendants' Motion to Dismiss because jurisdiction is proper in this Court. Plaintiffs seek a Writ of Mandamus to order Defendants to perform a duty they owe to Plaintiffs, namely to adjudicate their Applications for Adjustment of Status (hereafter "the Applications"). Plaintiffs seek this writ because Defendants have unreasonable delayed in processing the Applications. Defendants assert in their Motion to Dismiss that adjustment of status decisions are removed from judicial review because adjustment of status is discretionary application, and there is no statutory or regulatory time frame for adjudication of adjustment of status applications.

Defendants misconstrue the nature of this mandamus action and the applicable law.   We respectfully submit that this Court should reject their argument and deny Defendants' Motion to Dismiss.

## II.    STANDARD OF REVIEW

The Defendants do not appear to contest the factual sufficiency of the Plaintiffs' complaint nor do they dispute any of the facts alleged.  Rather, they contend that this Court does

not have subject matter jurisdiction, i.e. the judicial power, to adjudicate Plaintiffs' claims and requests for relief.[1] As such, the Defendants' motion to dismiss under Fed. R. Civ. 12(b)(6) constitutes a facial attack on the Complaint requiring the Court to accept all factual allegations in the Complaint, and reasonable inferences therefrom, as true and in a light most favorable to the Plaintiffs. Colburn v. Upper Darby Township, 8383 F.2d 663, 666 (3rd Cir. 1988). Furthermore, the burdens falls upon the Defendants to prove that no claim exists upon which the Plaintiffs can draw relief. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). Defendants have not and cannot meet this burden.

## III.    SUBJECT MATTER JURISDICTION IS PROPER IN THIS CASE

### A.    *8 U.S.C. §1252(a)(2)(B)(ii)* Does Not Bar Judicial Review

When Congress promulgated the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") in 1996 and the REAL ID Act in 2005, it limited the federal court's authority to review certain government decisions related to immigration. 8 U.S.C. §1252(a)(2)(B)(ii) and §1252(g). Immigrants may no longer challenge any "decision or action" that is committed to the discretion of the Attorney General or the Secretary of Homeland Security. Reno v. American-Arab Anti-discrimination Committee, 525 U.S. 471, 481 (1999). Plaintiffs and Defendants do not dispute this. Plaintiffs do dispute, however, the Defendants' claim that *any* governmental action (or inaction) related to adjustment of status under Section 245(a) of the Immigration and Nationality Act (INA), 8 U.S.C. §1255(a) is discretionary and therefore shielded from judicial review.

As recently as 2006, the Third Circuit has read IIRIRA narrowly and noted that "[t]he

---

[1] In support of their motion, Defendants submit a Declaration of Bradley J. Brouilette, Supervisory Center Adjudications Officer at the Vermont Service Center. This declaration alleges numerous facts outside the record of these proceedings. These alleged facts, including the process for security checks, should be ignored as they are not relevant to the legal issue of whether this Court may exercise jurisdiction in this case. See e.g. *Duan v. Zamberry*, et

jurisdiction stripping language [of Section 1252] applies not to all decisions the Attorney General is entitled to make, but to a narrower category of decisions where Congress has taken the additional step to specify the sole authority for the action is in the Attorney General's discretion." Alaka v. AG of the United States, 456 F.3d 88, 95 (3d Cir. 2006). Our Court of Appeals holds a strong presumption in favor of judicial review. Khan v. United States, 448 F.3d 226, 232 (3d Cir. 2006). Therefore, the statute in question must specify the discretionary authority before Section 1252 strips this Court of jurisdiction. Alaka, 456 F.3d at 96. In Khan, the Court of Appeals noted:

> One might mistakenly read §1252(a)(2)(B)(ii) as stripping us of authority to review any discretionary immigration decision. That reading, however, is incorrect, because 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority specified in the statute  The statutory language is uncharacteristically pellucid on this score:  it does not allude generally to "discretionary authority" or to "discretionary authority exercised under this statute," but specifically to "authority for which it is specified under this subchapter to be in the discretion of the Attorney General."

Khan, 448 F.3d. at 232 (quoting Zhao v. Gonzales, 404 F.3d 295 (5th Cir. 2005)).

Despite the Defendants' attempts to confuse the issue, it is perfectly clear that the Plaintiff do not seek review of the Defendants' discretionary decision to grant or deny their Applications. It is apparent that the Defendants have utterly failed to make that essential decision. Plaintiffs are simply asking that Defendants do their jobs by adjudicating the Applications in a reasonable time. Defendants contend, however, that statutory silence as to the timing of adjudication implies that they have unlimited time to process adjustment of status applications. The District Court for the Western District of Pennsylvania found this argument implausible, noting that the "absence of language cannot mean the presence of discretion." Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697 at *9 n2 (W.D. Pa., 2007). Accordingly, the Court held that the adjustment of status statute, 8 U.S.C. §1255, does not commit the pace of

_al., 2007 U.S. dist. LEXIS 12697 at *4 n1._

application processing to the Attorney General's discretion. Id. at *7. The Court determined that

the absence of that explicit provision rendered "Section 1252(a)(2)(B)(ii) inapplicable to a claim

of adjudicatory delay." Id.   Importantly, the Duan court aptly rejected the line of reasoning in

Safadi v. Howard, 2006 U.S. Dist. LEXIS 92722(E.D. Va. 2006) and its progeny, noting that "to

read the jurisdiction-stripping statute as did the Safadi court would render toothless all timing

restraints, including those imposed by the APA….Such a result would amount to a grant of

permission for inaction, and a purposeful disregard of the potential for abuse thereof, on

immigration matters." Id. at *9.

### B. Plaintiffs Have A Right to Mandamus Pursuant to 28 U.S.C. §1361

The Court has authority to issue a Writ of Mandamus when Plaintiffs show they have a

clear right to relief, the Defendants have a clear non-discretionary duty to act, and no other

adequate remedy is available. Nyaga v. Ashcroft, 186 F. Supp. 2d 1244, 1252 (2002) rev'd on

other grounds, 323 F. 3d 906 (11th Cir. 2003), citing Heckler v. Ringer, 466 U.S. 602 (1984);

District Lodge No. 166, Intern. Ass'n of Machinists and Aerospace Workers, AFL-CIO v. TWA

Services, Inc., 731 F. 2d 711, 717 (11th Cir. 1984). The Mandamus Act grants district courts the

power to compel a government agency or employee to discharge a duty. It grants jurisdiction

over "any action in the nature of mandamus to compel an officer or employee of the United

States or any agency thereof to perform a duty owned to the plaintiff." 28 U.S.C. §1361. The Act

requires Plaintiffs to show that "(1) they have a clear right to have their applications adjudicated;

(2) that defendants have a nondiscretionary duty that defendants have a nondiscretionary duty to

rule on the applications; and (3) that they have no other adequate remedy."[2] Zemin Hu v. Reno,

---

[2] Defendants have not asserted that Plaintiffs have any other adequate remedy other than waiting for the Defendants to act. This is by no means an adequate remedy. See Singh, 2007 U.S. Dist. LEXIS 16334 at *23-24(N.D. Cal. 2007) ("waiting for an agency to act cannot logically be an adequate alternative to an order compelling the agency to act. …"); Haidari, 2006 U.S. Dist. LEXIS 89177 at *15 (D. Minn. 2006)(reasoning that waiting is not an adequate

2000 U.S. Dist. Lexis 5030 (N.D. Tx. 2000) (court has mandamus authority to order INS to

adjudicate a pending adjustment of status application); Nyaga v. Ashcroft, 186 F. Supp. 2d 1244,

1252 (N.D. Ga 2002) 323 F.3d 906 (11th Cir. 2003) reversed on other grounds (defendants were

ordered to adjudicate pending adjustment of status application under court's mandamus

authority); Iddir v. Immigration and Naturalization, 166 F. Supp. 2d 1250 (N.D. Ill 2001) (Court

has mandamus jurisdiction pursuant to 28 U.S.C. §1361 to order the adjudication of an

application for adjustment of status.)

  The Court may not use mandamus to compel the government to perform a discretionary

action. Heckler v. Ringer, 466 U.S. 602 (1984). It may, however, "compel the Government to

exercise its discretion without actually interfering with that exercise." Nyaga v. Ashcroft, 186 F.

Supp. 2d 1244, 1253 (2002); see Pilica v. Ashcroft, 388 F.3d 941, 945-48 (6th Cir. 2004)( a

petition for a writ of mandamus to adjudicate an adjustment of status application is not converted

into a challenge of a discretionary action just because the underlying relief is discretionary).

Federal courts have reviewed this issue in the context of immigration petitions, and repeatedly

held that mandamus is an appropriate vehicle for compelling the government to adjudicate

adjustment of status applications. See e.g. Huang v. Gonzales, 2007 U.S. Dist. LEXIS 32276

(W.D. Wa. 2007); Song v. Klapakas, 2007 U.S. Dist. LEXIS 27203 (E.D. Pa. 2007); Duan v.

Zamberry, 2007 U.S. Dist. LEXIS 12697 at *10-12; Haidari v. Frazier, 2006 U.S. Dist. LEXIS

89177 at *10-11 (D.Minn. 2006); Rios v. Ziglar, 398 F.3d 201 (10th Cir. 2005); Iddir, 492 F.3d

at 500; Wan Shih Hseih, 569 F.2d at 1182; Alkenani v. Barrows, 356 F.Supp.2d 652, 656-57

(N.D. Tx. 2005); Salehian v. Novak, 2006 WL 3041109 (D.Conn. 2006); Valenzuela v. Kehl,

2006 WL 2474088 at *5.

---

remedy because the question is whether plaintiffs have an adequate remedy to the waiting itself.)

**B.    The Administrative Procedures Act Supports Jurisdiction of This Court**

The Administrative Procedures Act (APA) authorizes suit by a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," and permits a court to "compel agency action unlawfully withheld or unreasonably delayed." *5 U.S.C. §§ 702, 706.* The APA further defines agency action to include a failure to act. 5 U.S.C. § 551(13). The APA also requires that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Id. at § 555(b). As a result, the APA gives rise to a legally enforceable right to the completion of an administrative agency action within a reasonable time. Deering Milliken, Inc. v. Johnston, 295 F.2d 856, 861 (4th Cir. 1961).

In many similar cases, where courts have reached the issue of the applicability of the APA, they have found jurisdiction.  Hoyoung Song v. Klapakas, 2007 U.S. Dist. LEXIS 27203 (E.D. Pa. 2007; Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. 2007); Alsharqawi v. Gonzales, 2007 U.S. Dist. LEXIS 29808(N.D. Tex. 2007; Zemin Hu, 2000 U.S. Dist. LEXIS 5030, 2000 WL 425174 (N.D. Tx 2000) (finding that the APA and 28 U.S.C. §1331 together vest court with authority to order agencies to act); JianJun Fu v. Reno, 2000 U.S. Dist. LEXIS 16110 (N.D. Tx. 2000) ("the APA in conjunction with section 1331 does provide [subject-matter] jurisdiction"); Huang v. Gonzales, 2007 U.S. Dist. LEXIS 32276 (W.D. Wash. 2007); Gelfer v. Chertoff, 2007 U.S. Dist LEXIS 26466 (N.D. Cal 2007), Singh v. Still, 470 F. Supp. 2d 1064 (N.D. Cal. 2007); Aboushaban v. Mueller, 2006 U.S. Dist. LEXIS 81076 (N.D. Cal. 2006); Rios v. Aguirre, 276 F. Supp. 2d 1195 (D. Kan. 2003). Many courts have also concluded that jurisdiction lies over an APA claim under 28 U.S.C. § 1331 and 5 U.S.C. § 555(b) for failing to

adjudicate an application within a reasonable period of time even where there is no mandamus jurisdiction. Kim v. Ashcroft, 340 F.Supp.2d 384 (S.D. NY 2004) (motion to dismiss denied where allegations in alien's complaint were sufficient to state a claim for a violation of the APA due to the Government's failure to adjudicate the adjustment of status application within a reasonable time); Saleh v. Ridge, 367 F.Supp.2d 508 (S.D.N.Y. 2005); Am. Acad. of Religion v. Chertoff, 2006 WL 1751254 (S.D.N.Y. 2006) (holding that the Government failed to adjudicate a visa application within a reasonable period of time); Bartolini v. Ashcroft, 226 F.Supp.2d 350 (D. CT 2002) (federal question jurisdiction existed over alien's claim based on right to have INS adjudicate his adjustment of status application within a reasonable time as required by APA).

Furthermore, the Defendants' reliance upon Norton v. So. Utah Wilderness Alliance, 542 U.S. 55 (2004) is misplaced. To avoid compliance with the APA, the Defendants repeat their argument that their discretion regarding the *outcome* of an adjustment application precludes review of their *failure to act* in a reasonable time and actually gives them the authority to *never* act if they are so inclined. According to the Defendants, they have no legal requirement to make a decision in an adjustment of status application. In other words, the Government can extract hefty fees from adjustment of status applicants and require them to expose their personal, professional and medical history for governmental scrutiny without even the benefit of a decision for all their trouble. Of course, such an outcome is unimaginable in our system of justice and is not endorsed by Norton. Administrative agencies do not possess the discretion to avoid discharging duties that Congress intended them to perform. Forest Guardians v. Babbitt, 164 F.3d 1261, 1269 (10th Cir. 1998).

The Defendants' argument that the lack of a statutory or regulatory time frame for adjustment of status applications bars jurisdiction under the APA is equally without merit. As

the <u>Duan</u> court recognized, federal courts routinely assess the reasonableness of the pace of agency action. <u>Duan v. Zamberry</u>, 2007 U.S. Dist. LEXIS 12697 at *13.  The APA firmly gives the courts the discretion to determine whether agency delay is unreasonable. <u>Id</u>. citing <u>Forest Guardians v. Babbitt,</u> 174 F.3d at 1190. Therefore, the issue of whether the Defendants' delay is reasonable is a matter to be decided when the Court reviews the merits of Plaintiffs' claims, not in its determination of subject matter jurisdiction.   Moreover, in the context of this Motion to Dismiss, the Defendants' injection of their alleged justifications for their delay is inappropriate and should be ignored. Defendants' workload and budgetary concerns have nothing to do with whether jurisdiction lies with this Court. <u>See Duan v. Zamberry</u>, 2007 U.S. Dist. LEXIS 12697 at *3-*4 (refusing to consider Defendants' presentation of factual issues regarding the reasonableness of the length of time taken in processing Plaintiff's applications where Defendants' motion "rests solely on questions of law regarding my authority, in the first instance to even consider whether the alleged delay in processing is reasonable.")

IV.    CONCLUSION

The Plaintiffs' Applications have been pending for nearly four years while the majority of such applications have been approved in one year or less.  In the meantime, they are held in a constant state of uncertainty as to their status and future in the United States while at the same time the Government requires them to pay substantial fees annually to maintain their authorization to work and ability to travel outside the United States for business or personal matters. This state of limbo is not merely an inconvenience; it is a major burden in their lives. Plaintiffs have a right to seek assistance from the judiciary and this Court is empowered by law to hear Plaintiffs' claims.  We respectfully request that the Government's motion be denied.

Respectfully Submitted,

Ann Massey Badmus
Attorney at Law
Badmus Immigration Law Firm, P.C.
Bar I.D. 2717
12700 Park Central Drive Suite 1910
Dallas, Texas 75251
469-916-7900

Dated:  May 10, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ARSALAN FAGHRI,                      :
FERESHTEH AMIM ,                     :
and ROUDABEH FAGHRI,                 :
                                     :
        Plaintiffs,             :
    v.                               :        Civil Action No. 06-777-***
                                     :
SECRETARY MICHAEL CHERTOFF, et al.,  :
                                     :
    Defendants.

## ORDER

UPON CONSIDERATION of the Defendants' Motion to Dismiss and the arguments in

favor and in opposition to this motion, and the entire record herein, it is this ___ day of _____,

2007, hereby

ORDERED that the Defendants' motion should and it is hereby DENIED.


                            _____

                                    J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ARSALAN FAGHRI,                          :
FERESHTEH AMIM ,                         :
and ROUDABEH FAGHRI,                     :
                                         :
               Plaintiffs,               :
        v.                               :        Civil Action No. 06-777-***
                                         :
SECRETARY MICHAEL CHERTOFF, et al.,      :
                                         :
               Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEMORANDUM IN OPPOSITION TO

DEFENDANTS' MOTION TO DISMISS was caused to be served by hand delivery on May 11,

2007 as follows:


        The Honorable Colm F. Connolly
        United States Attorney's Office
        District of Delaware
        844 N. King Street
        Wilmington, Delaware 19801



                        _____
                        Ann Massey Badmus
                        Attorney at Law
                        Badmus Immigration Law Firm, P.C.
                        Bar I.D. 2717
                        12700 Park Central Drive Suite 1910
                        Dallas, Texas 75251
                        469-916-7900